353 So.2d 898 (1977)
GIBRALTAR FINANCIAL & LEASING, INC., f/k/a G. C. A. Leasing, Inc., Appellant,
v.
Silvia GONZALEZ, Appellee.
No. 77-1056.
District Court of Appeal of Florida, Third District.
December 27, 1977.
Rehearing Denied January 26, 1978.
Friedman & Britton, Miami, and J.T. Haley, Miami, for appellant.
*899 Phillips & Phillips, Henry W. Clar, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and KEHOE, JJ.
KEHOE, Judge.
Appellant, plaintiff below, appeals from a final judgment entered in its favor contending that the trial court erred by failing to assess damages in accordance with the damage clause of a written lease agreement covering certain dental equipment. We have concluded that the damage clause of the lease agreement is valid and that the court's refusal to enforce the clause was error.
Appellee was a co-lessee along with her husband on an equipment lease of personal property. The leased property consisted of dental equipment used by her husband in the practice of dentistry. Upon the death of her husband, appellee attempted to sell the doctor's dental practice or sublease the equipment; these efforts were unsuccessful. Consequently, appellee stopped making payments under the lease and requested appellant to remove the equipment. Appellant recovered possession of and sold the equipment to establish its damages in accordance with the lease agreement.
The lease provided in part as follows:
"If LESSOR shall repossess said property, it may lease said property to any other person upon such terms and conditions as the LESSOR shall determine, and it may credit LESSEE to the extent of such rentals so received. In the event the LESSOR shall elect to rerent the property for the account of the LESSEE, it shall notify the LESSEE of such election. If LESSOR elects to take absolute possession of said property for its own account, then it may sell, lease or otherwise dispose of said property to any person or persons upon such terms and conditions as LESSOR shall determine. In either of such events, there shall be due from LESSEE and LESSEE will immediately pay to the LESSOR the difference between the total of rentals to be received from any third person or the purchase price at sale as the case may be and the total unpaid rental provided to be paid herein, plus all costs and expenses of LESSOR in repossessing, releasing, transporting, repairing, selling or otherwise handling said property."
The trial court entered final judgment for appellant and awarded it $4,131.25 for past due rental payments and $891.56 for personal property taxes due as of the date of the repossession of the equipment. The court also assessed interest in the amount of $263.71. However, the trial court specifically held that appellant was not entitled to damages for prospective rentals due under the lease.
Appellee has not favored us with a brief, but the record indicates that she relied upon Cutler Gate Bldg. Corp. v. United Leasing Corp., 165 So.2d 207 (Fla.3d DCA 1964) and Monsalvatge Co. of Miami, Inc. v. Ryder Leasing, Inc., 151 So.2d 453 (Fla.3d DCA 1963), in urging the trial court to limit appellant's recovery to the accrued rent due at the time the property was repossessed.
Appellant contends that the case of Chandler Leas. Div., etc. v. Florida-Vanderbilt Dev. Corp., 464 F.2d 267 (5th Cir.1972), interpreting a similar contract provision, should control.
We agree with appellant's contention, and have concluded that it should have received damages in the amount of $17,794.22 for appellee's breach of the contract. This amount consists of $4,131.25 for damages up to the time of the repossession and $13,843.47 for damages subsequent to the breach of the contract in accordance with its provisions. Therefore, the final judgment appealed is affirmed, but the amount of the damages awarded is modified as set forth above.
Affirmed as modified.