385 So.2d 1074 (1980)
E.B. ELLIOTT, Jr., Individually and As One of the Last Officers and Directors of Spruce-up Corporation, a Dissolved Florida Corporation and As One of the Last Officers and Directors of Automatic Vending Service, Inc., a Dissolved Florida Corporation, Appellant,
v.
SHERIDAN, INC., a Foreign Corporation, Appellee.
No. 79-1416.
District Court of Appeal of Florida, Third District.
June 17, 1980.
Rehearing Denied July 31, 1980.
*1075 Robert L. Bell, Miami, for appellant.
Hodges, Gosset, McDonald & Wakefield and Stephen J. McDonald, Hollywood, for appellee.
Before HENDRY and BASKIN, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
PER CURIAM.
Appellee, Sheridan, Inc., brought suit for damages against the appellant, E.B. Elliott, Jr., individually as guarantor of leases sued upon, and as one of the last officers and directors of two dissolved foreign corporations, Spruce-Up Corporation, and Automatic Vending Service, Incorporated. Appellee claimed, as lessor, the full amounts called for under the lease agreements, which provided for the rental of equipment and supplies used in the operation of appellant's/lessee's barber shops and beauty salons, located on numerous United States military bases.
Appellant's failure to maintain the terms of his concession agreements with the government resulted in cancellation of those agreements, closing of the shops and salons, and government seizure of the equipment. The government has declined appellee's request for return of the property; neither party to this action has sought enforcement of its interests against the government in court.
In the non-jury trial below, the Circuit Court in and for Dade County found that *1076 appellee was entitled to recovery of the full amount of the rental payments owed under the lease agreement, plus attorney's fees and costs, as provided in the agreements.
Appellant contends that, absent agreement or negligence, a bailee is not responsible for destruction, injury or loss of the bailment. Adelman v. M & S Wrecking Shop, 105 So.2d 802 (Fla. 3d DCA 1958). Appellee concedes the validity of that statement, but correctly notes that the lease agreement provides, "Lessee assumes the entire risk of loss or damage to the equipment, whether or not covered by insurance, and no such loss shall relieve Lessee of its obligation hereunder." The provision is enforceable; a bailee may properly agree to a greater responsibility than the law requires. Williamson v. Phillipoff, 66 Fla. 549, 64 So. 269 (Fla. 1914).[1]
Alternatively, appellant argues that the taking by the federal authority rendered the lease agreements impossible of performance. But appellant agreed to pay a rental fee for the equipment and supplies, and if he was rendered incapable of doing so without the revenue generated by the bailments, it was because he failed to pay the concession fee.
[A] contracting party will not be relieved from his agreement to perform because of an inability that develops which could have been prevented or avoided, and a promisor will not be permitted to take advantage of an obstacle to performance which he has created or which lay within his power to remove or avoid.
Metropolitan Dade County v. Babcock Co., 287 So.2d 139, 142 n. 1 (Fla. 3d DCA 1973).
We have carefully considered all points raised in light of the record on appeal (containing the lease agreements), as well as the briefs and arguments of counsel, and have concluded that no reversible error has been demonstrated. Chandler Leasing Division, Pepsico Service Industries Leasing Corp. v. Florida-Vanderbilt Development Corp., 464 F.2d 267 (5th Cir.1972); Vacation, Inc. v. Southeast First Leasing, Inc., 358 So.2d 105 (Fla.App. 1978); Gilbraltar Financial & Leasing, Inc. v. Gonzalez, 353 So.2d 898 (Fla. 3d DCA 1977), cert. denied 360 So.2d 1248 (Fla. 1978).
Affirmed.
NOTES
[1] We do not reach the question of whether, in the absence of agreement, the rule would afford appellant relief, where loss of the equipment was occasioned by his failure to keep up his payments under the terms of the concession agreements.