498 So.2d 589 (1986)
SHADOW WEST APARTMENTS, LTD., a Texas Limited Partnership, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, an Agency of the State of Florida, City of Clearwater, Florida; a Municipal Corporation; and Vision Cable of Pinellas, Inc., a Florida Corporation, Appellees.
No. 86-347.
District Court of Appeal of Florida, Second District.
December 3, 1986.
*590 Alan E. DeSerio of Brigham, Moore, Gaylord, Schuster & Sachs, Tallahassee, and Marc I. Sachs of Brigham, Moore, Gaylord, Schuster & Sachs, Tampa, for appellant.
Joan V. Whelan and Maxine F. Ferguson, Appellate Attys., James W. Anderson, Trial Atty., and A.J. Spalla, General Counsel, Dept. of Transp., Tallahassee, for appellee Dept. of Transp.
FRANK, Judge.
Shadow West Apartments, Ltd., appeals from a final summary judgment entered by the trial court in favor of the Department of Transportation.[1] The action was commenced by Shadow West to quiet title to a strip of land which is the subject of an easement granted to the City of Clearwater by Shadow West's predecessor in title, U.S.H. Properties Corporation. Subsequently, the City of Clearwater conveyed the easement to the Department of Transportation. The easement provides that:
This easement being for right-of-way purposes only, and the CITY OF CLEARWATER, FLORIDA, shall have the right to enter upon the above described premises and to construct, install and maintain thereon any right-of-way and to inspect and alter such right-of-way from time to time. Provided, however, that in the event improvements have not been initiated within the easement area by the CITY OF CLEARWATER, FLORIDA, within ten (10) years from the date of the Agreement of Annexation between U.S. Home Corporation and the City of Clearwater dated May 22, 1972, then the easement granted hereby shall terminate and be of no further force and effect.
During the ten year period in which the City of Clearwater enjoyed the easement it did nothing more than construct a gas line within the property's boundaries and permit a cable television company to lay cable in and to place equipment on the land.
The trial court concluded that the reverter portion of the easement was inoperative, basing its determination upon the view that the word "improvements," as it appears in the easement, is without definition and a strict construction of the grant against the original grantor, U.S.H. Properties Corporation, and hence, Shadow West, was appropriate. Thus, it found the installation of the gas line an improvement occurring within the prescribed ten year period defeating Shadow West's entitlement to a reversion. We disagree.
We note at the outset that the legal description setting forth by metes and bounds the land conveyed by the easement begins with the words "A Roadway Easement." It certainly cannot be said that an underground pipeline improves a roadway easement.[2]
Our differing conclusion as to the easement's meaning or construction is not offensive to the deference we customarily accord trial courts. The construction or interpretation of the easement is a matter of law for the trial court; it is not dependent *591 upon the resolution of an evidentiary contest. Kotick v. Durant, 143 Fla. 368, 196 So. 802 (1940). In a circumstance such as the one before us we are "in the same position as the trial court to determine the question of whether a summary judgment should" have been awarded the Department. Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959).
The trial court quite correctly found the word "improvements" undefined in the easement; but it incorrectly drew upon that word's most expansive meaning to thwart reversion of the property to Shadow West. It is our view that the maxim "noscitur a sociis" provides a more acceptable technique for according the easement its full sense. The application of that doctrine facilitates reaching the meaning of general expressions when associated with specific words  the meaning of a general word may be determined from the accompanying specific words. State v. Thompson, 101 So.2d 381, 385 (Fla. 1958). The "traditional" rules of construction counsel against giving to a general word a meaning wholly unrelated to the more specific terms of a document. See Weyerhauser Steamship Company v. United States, 372 U.S. 597, 600, 83 S.Ct. 926, 928, 10 L.Ed.2d 1 (1963).
Turning to the language creating the easement and applying the foregoing principles, we are compelled to conclude that the meaning of the general expression "improvements" must be extracted from the specific words "right-of-way" found at three places in the easement. It is manifest from the easement's first sentence that U.S.H. Properties Corporation in conveying the easement to the City of Clearwater contemplated the construction, installation and maintenance of a "right-of-way." In common usage, a "right-of-way" is a path or thoroughfare upon which movement from one point to another can occur, or it can be a land mass over which, for example, a transmission line is placed. An improvement affecting a right-of-way to be used as a "roadway," therefore, necessarily involves the surface of the land within the easement. It is our judgment that the subterranean installation of a gas line is not an "improvement" to the "right-of-way," contemplated by the grantor for a "roadway," for it involves neither the construction, installation, nor maintenance upon the property's surface which would render it capable of functioning as a "roadway."
Based upon the foregoing, we reverse, vacate the summary judgment granted the Department of Transportation, and remand with direction that summary judgment be entered for Shadow West.
LEHAN, J., concurs.
DANAHY, C.J., dissents with opinion.
DANAHY, Chief Judge, dissenting.
I respectfully dissent.
I agree that in the circumstances of this case, this court is in the same position as the trial judge to determine the question whether a summary judgment should have been awarded to the Department. However, we are in no better position than the trial judge and I see no reason to disturb the decision of the trial judge in this case.
The trial judge found, looking at the unambiguous language of the easement, that an improvement was made to it. Looking at the whole record, I cannot conclude as a matter of law that the gas line improvement was outside the contemplation of the original parties. Section 318.17, Florida Statutes (1973), contemplated that gas lines may be placed along a roadway.
The word "improvement" is not ambiguous and, although it generally refers to buildings, it may also include any permanent structure or other development, such as a street, sidewalks, sewers, utilities, etc. Black's Law Dictionary (5th ed. 1979).
Where an unambiguous word is used without qualification in a sentence, I see no justification for judicially transposing words from a prior sentence to apply as adjectives to that word. The parties to the *592 document did not see fit to do so, and neither should we.
I would affirm.
NOTES
[1] The Department's motion was orally expressed and Shadow West agreed that it could be entertained by the trial court because of the absence of disputed facts.
[2] Following oral argument, Shadow West lodged a "stipulation" with the court, which we accepted, committing it to grant the City of Clearwater an easement for the retention and maintenance of the sub-surface gas line within the easement's boundaries.