SUNBELT CRANES CONSTRUCTION AND HAULING, INC., A Delaware Corporation, Formally known as Sunbelt Sales and Rentals, Inc., Individually and for use and benefit of Security Insurance Company of Hartford, Plaintiff,

v.

GULF COAST ERECTORS, INC., A Texas Corporation, Defendant.

No. 8:01–CIV–592–T–17–TB.

United States District Court, M.D. Florida, Tampa Division.

Feb. 19, 2002.

**1342**

Rex B. Guthrie, Law office of Rex B. Guthrie, Miami, FL, for plaintiffs.

J. Gregory Giannuzzi, Rissman, Weisberg, Barrett, Hurt, Donohue & McLain, P.A., Tampa, FL, Randall Morton Bolinger, Alvarez, Sambol, Winthrop & Madson, P.A., Orlando, FL, for defendant.

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO AMEND ANSWER

KOVACHEVICH, Chief Judge.

This cause comes before the Court on Plaintiff, Sunbelt Cranes Construction and Hauling, Inc.'s, Motion for Summary Judgment (Dkt. No. 16) and Defendant, Gulf Coast Erectors, Inc.'s, Motion for Summary Judgment (Dkt. No. 24) and Motion to Amend Answer (Dkt. No. 22).

### STANDARD OF REVIEW

A motion for summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no "genuine issue of material fact" because a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 317–318, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). "All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party." *Radle v. Allstate Insurance Co.,* 758 F.Supp. 1464, 1466 (M.D.Fla.1991) (quoting *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–997 (5th Cir.1979)).

Issues of fact are genuine only if a reasonable jury, considering the evidence presented, could find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where the moving party bears the burden of persuasion at trial, the party must support the summary judgment motion with credible evidence, of the like indicated in Rule 56(c), which would entitle that party to a directed verdict if not controverted.

### BACKGROUND

Plaintiff, Sunbelt Cranes Construction and Hauling, Inc. (hereinafter "Sunbelt")

seeks monetary relief, individually and on behalf of its subrogee, Security Insurance Company of Hartford (hereinafter "Security Insurance"), stemming from a construction accident that occurred May 19th, 2000, while a crane was under lease to the Defendant, Gulf Coast Erectors, Inc. (hereinafter "Gulf"). Gulf used the crane in a residential construction project in the Tampa neighborhood of Ybor City. Because of the accident, a fire engulfed many street blocks, including the leased crane. Security Insurance paid Sunbelt four hundred seventy-four thousand nine hundred sixty dollars according to the terms of a property damages policy. In consideration for payment, Sunbelt assigned to Security Insurance all rights, claims, interests or action resulting from the accident.

In a separate state action, preceding the present suit before this Court, Sunbelt filed suit, on behalf of Security Insurance, against parties not presently involved. In the state action, Sunbelt sought damages against general contractors to the Ybor City project, claiming negligence, resulting from the fire. Before the action reached trial, the parties to that suit reached a "release and settlement of claim" (hereinafter "settlement agreement") for four hundred thousand dollars ($400,000.00), payable to Sunbelt and Security Insurance. The state court, in response, dismissed the action with prejudice on May 17, 2001.

On July 5, 2001, Sunbelt, the lessor, brought the present action for breach of contract according to the "Operated and Maintained Equipment Lease" Agreement of April 21, 2001 (hereinafter "lease agreement"), against Gulf, the lessee, claiming the express terms of the lease agreement bound Gulf to "assume the entire risk of loss"[1] for damages to the crane. Sunbelt claimed the original lease agreement between Gulf and Sunbelt entitled it to recover the full amount of the damages totaling four hundred seventy-four thousand nine hundred sixty dollars ($474,960.00). After amending its complaint, Sunbelt, individually and on behalf of Security Insurance, seeks the remaining balance for the leased crane, plus interest and attorney fees.

Gulf answered, filing affirmative defenses, claiming Sunbelt was barred from relief. Sunbelt then filed a motion for summary judgment claiming no issues of fact remained as the lease agreement between Sunbelt and Gulf served as the sole determinate for liability. Gulf responded and filed its own motion for summary judgment, asserting the equitable doctrines of *res judicata*, collateral estoppel, and judicial estoppel. Additionally, it asserted the settlement agreement prevented Sunbelt from seeking damages against Gulf. Gulf also filed a motion to amend answer to incorporate additional affirmative defenses in its answer.

The issues before this Court are whether: (1) Sunbelt's claims are barred by *res judicata;* (2) Sunbelt's claims are barred by collateral estoppel; (3) Sunbelt's claims are barred by judicial estoppel; (4) Sunbelt's claims are barred by the settlement

---

1. The lease agreement, clause twelve, in pertinent part states:

Lessee agrees that Lessee has accepted the entire risk of loss of, loss of use of, and damage to, the Equipment. Lessee agrees to pay Lessor for any and all loss of, loss of use of, and/or damage to, the Equipment, due to any reason or cause, before and/or during the life of this Lease, and until the Equipment has been returned to and ac-cepted by Lessor, even though the reason for cause may be due to accident or act of God, and even though the reason or cause may be due to any act, omission, and/or negligence solely or jointly, in whole or in part, of Lessor, and or any of its agents, representatives, suppliers, servants, officers, directors, employees, or affiliated companies.

agreement signed on April 25th, 2001; (5) Sunbelt's claims are permitted by terms of the lease agreement; and (6) Gulf may amend its answer to incorporate additional affirmative defenses.

## DISCUSSION

### I. Defendant's Motion for Summary Judgment

#### a. Res Judicata

According to the doctrine of *res judicata*, "a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Foxx v. Dalton*, 46 F.Supp.2d 1268 (M.D.Fla.1999).

█ In Florida, there are four conditions which must be met in order for *res judicata* to bar a second suit when a court of competent jurisdiction has entered final judgment in an earlier suit. *See Aquatherm Indus. Inc. v. Florida Power & Light Co.*, 84 F.3d 1388, 1394–95 (11th Cir.1996). The four conditions that must be present include: (1) identity of the item sued for; (2) identity of the cause of action; (3) identity of the parties to the action; and (4) identity of the quality of the person for or against whom the claim is made. *Id.* (citing *Albrecht v. State*, 444 So.2d 8, 12 (Fla.1984)); *See also Fields v. Sarasota Manatee Airport Authority*, 953 F.2d 1299, 1307–08 (11th Cir.1992).

As it was further noted in *Aquatherm*, the fact that a second suit involves both a different cause of action and a different form of requested relief than in the first suit, is not dispositive of whether the second suit will be barred by *res judicata*. *See Aquatherm*, 84 F.3d at 1395. "[T]he determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." *Id.* at 1394.

█ Florida law requires plaintiffs to "raise all available claims involving the same circumstances in one action." *Aquatherm*, 84 F.3d at 1395; *see also Tuma v. Dade County Public Schools*, 989 F.Supp. 1471, 1473, n. 2 (S.D.Fla.1998) (stating that *res judicata* means previous parties to an action, including those in privity with them, are barred from relitigating issues that were or could have been raised in the initial action, if a final judgment on the merits has been rendered); *Department of Agric. and Consumer Serv. v. Mid–Florida Growers, Inc.*, 570 So.2d 892, 901 (Fla.1990). The doctrine of *res judicata* prevents parties from bringing suit to resolve issues that were raised, or could have been raised, in a previous action. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kelly v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 985 F.2d 1067, 1070 (11th Cir.1993); *Foxx*, 46 F.Supp.2d at 1273.

█ In the present case, two of the four required elements are missing for a successful *res judicata* claim:

1) In the state action, Sunbelt sought recovery for damages to the leased crane. In the present action, Sunbelt merely seeks the remaining balance on the damages from the crane that were not paid for by Hartford Insurance Company. The thing being sued for, the leased crane, is in fact identical.

2) Identity of the cause of action is found where there is a "similarity of the facts essential to the maintenance of both actions." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1510 (11th Cir. 1985), *cert. denied*, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986). In the state action, Sunbelt sought damages under a negligence theory without regard to the original lease agreement between Gulf and Sunbelt. Under the state action, the facts of the accident were determinative for the

success of the state court action. In the present action, Sunbelt seeks damages under a breach of contract theory. According to clause twelve of the lease, Gulf would be liable to Sunbelt for any damages resulting from loss to the crane. The facts Sunbelt uses in its present action are strikingly similar to those of the earlier state action in that there can be no determination for the breach of contract without sufficient facts on liability. These facts were addressed in the state action.

3) The parties to both suits are not identical. Sunbelt has been a party to both actions. While Security Insurance was not part of the state action, it lies in privity with Sunbelt as its subrogee. To the contrary, Gulf was never a party in the state action and does not lie in privity with any defendant in the state action.

4) The quality of the parties are not identical. Sunbelt sued in its own capacity in the original state action seeking damages. In the present action it seeks damages on behalf of Security Insurance, its subrogee, for the remaining balance of the complete damages. Gulf was not a party to the initial state action.

Therefore, Gulf's *res judicata* argument is not well-taken.

*b.* *Collateral Estoppel*

■ Collateral estoppel or issue preclusion is a judicial doctrine, which prevents parties from relitigating issues that have previously been decided between them. *See Bates v. Cook, Inc.*, 615 F.Supp. 662, 671 (M.D.Fla.1984); *see also I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1549 (11th Cir.1986); *Barrington v. Fla. Dept. of Health*, 112 F.Supp.2d 1299, 1304 (M.D.Fla.2000).

In *Bates*, the Court recognized that Florida law applies when determining the preclusive effects of collateral estoppel doctrines. *See Bates*, 615 F.Supp. at 671. "Under Florida law, the following four ele-

ments must be established for a defendant to successfully assert the collateral estoppel defense: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the latter case." *Gelles v. Skrotsky*, 983 F.Supp. 1398, 1402 (M.D.Fla.1997); *see also Fountain v. Metropolitan Atlanta Rapid Transit Authority*, 849 F.2d 1412, 1414 (11th Cir.1988).

The issues presently before this court are different from the issues that were before the state court. Assuming, *arguendo*, the state claims were identical to the claims before this court, collateral estoppel would still be inappropriate because the issues were never litigated before any tribunal.

Therefore, Gulf's collateral estoppel argument is not well-taken.

*c.* *Judicial Estoppel*

■ Judicial estoppel is applied to the calculated assertion of divergent sworn positions. *American Nat. Bank of Jacksonville v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir.1983). The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings. *Id.*

■ In a diversity of citizenship action, state law governs the application of the doctrine of judicial estoppel. *Original Appalachian Artworks, Inc. v. S. Diamond Associates, Inc.*, 44 F.3d 925, 930 (11th Cir.1995).

Defendant Gulf cites *Blumberg v. USAA Casualty Insurance Company*, 790 So.2d 1061 (Fla.2001), as the authority for judicial estoppel. In *Blumberg*, the plaintiff

negotiated a settlement with the defendant after the jury found the plaintiff's claims were meritless. In return for the settlement, the plaintiff dismissed the claim with prejudice. Subsequent to the settlement, the plaintiff sued the defendant under a different theory in order to gain an unfair advantage. The Florida Supreme Court found such actions to be contrary to policy and that such actions "make a mockery of justice." *See Id.* at 1068. Allowing such inconsistent positions would transform "the courthouse [into] an all-you-can-sue buffet, in which [parties] can pick and choose which verdicts they want and which they do not." *Id.*

■ This is not the case before this Court. Defendant, Gulf was not a party to the state action. It is difficult to make an inconsistent pleading against a party who was never part of the state action. While in the state action Sunbelt sought a settlement agreement, foregoing litigation, it has never wavered from its initial position, to seek damages resulting from the Ybor City fire. While it may have taken a different approach to the suit against Gulf than in the state action, it has not done so in order to gain an unfair advantage. Sunbelt's claim lies in contract. The state action was in tort. According to Gulf, because Sunbelt chose to seek relief from Gulf under a breach of contract claim instead of tort, Sunbelt is taking two inconsistent positions. These facts do not support a *Blumberg* ruling. If Sunbelt joined

Gulf as a party in the state action dismissing the action, opting for a settlement, and filed a subsequent action in another court seeking damages under a different theory contrary to the one in the initial suit, *Blumberg* might be applicable. This is not the case at bar.

Accordingly, Defendant Gulf's Judicial Estoppel argument is not well-taken.

*d. Release in Earlier State Action*

"To determine the scope of a release, [one must] look to the parties' intent as expressed in the contract." *Solitron Devices, Inc. v. Honeywell, Inc.,* 842 F.2d 274, 277 (11th Cir.1988) (citing *Alliance Oil & Refining Co. v. United States,* 13 Cl.Ct. 496 (1987)). "A release entered into that clearly waives a right to pursue a cause of action is binding." *National Helicopter Corp. v. City of New York,* 137 F.3d 81, 87 (2d Cir.1998). However, "a release should not be read to include matters of which the parties had no intention to dispose." *Id.*

■ Gulf argues the release signed by plaintiff and the defendants in the initial state action bars any claim by plaintiff in the action before this Court. Defendant claims the language of the settlement agreement distinguished any future claims and litigation against all contractors.[2] Defendant is correct to read the settlement agreement as barring all claims against the parties to the contract. Sunbelt is

---

**2.** The RELEASE AND SETTLEMENT OF CLAIM, in pertinent part, reads as follows:

FOR THE SOLE CONSIDERATION OF FOUR HUNDRED THOUSAND DOLLARS ($400,000.00), [the plaintiff] ... do[es] hereby release, acquit, and forever discharge: AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY; AMERICAN INTERNATIONAL SPECIALTY LINES INS. CO.; AUDUBON INSURANCE GROUP; CAMDEN PROPERTY TRUST; CAMDEN DEVELOPMENT INC.; YBOR CITY APARTMENTS, L.L.C.; ZSURICH U.S.;

and any and all subsidiaries, contractors, subcontractors, employees, agents, assigns, related companies, affiliates, insureds and insurers, hereinafter referred to as "Releasees" of and from any and all actions, causes of action, claims, damages, demands, costs, loss of services, expenses, and compensation, on account of or in any way growing out of any and all known and unknown personal injuries and property damage resulting or to result from the occurrence involving a fire known to these parties which occurred on or about May 19, 2000,

forever barred from bringing a suit against the named parties to the agreement. However, the same does not apply to Gulf as it is not a party to the settlement agreement. And it could surely be stated that Sunbelt did not intend for the release and settlement agreement to relieve Gulf of any liability. Had it intended for such a result, it would have explicitly named Gulf along with the other Releasees. Gulf's argument that it is a contractor within the language of the agreement is incorrect.

Furthermore, if this Court were to adopt Gulf's argument that it is included in the release and settlement agreement it would violate one of the oldest maxims of contractual interpretation, *noscitur a sociis*. Under this maxim, the meaning of a term can be determined from accompanying specific words. *Shadow West Apartments, Ltd. v. State, Dept. of Transp.*, 498 So.2d 589, 591 (Fla. 2d DCA 1986). Under this maxim, "traditional rules of construction counsel against giving to a general word a meaning wholly unrelated to the more specific terms of a document." *Id.* The parties to the agreement are express and specific. (*see supra* n. 1) The question as to whether the term contractor includes defendant Gulf can be answered by examining the specific terms of the agreement.

After examination of the agreement, it is clear that the parties did not intend to include Gulf as a party to the agreement.

## II. *Plaintiff's Motion for Summary Judgment*

Plaintiff seeks summary judgment relief against defendant claiming the original lease (see n. 1, *supra*) as entered into by

the two parties states the defendant is liable for any damages to the leased crane. Plaintiff's motion is with merit and is hereby granted on the following grounds:

Jurisdiction in this case is founded upon diversity of citizenship. 28 U.S.C. section 1332. This Court, while sitting in diversity, is bound to apply the law of the state in which it sits. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Accordingly, Florida law is controlling.

"A lease is a contract." *Dearing v. General Motors Acceptance Corp.*, 758 So.2d 1236, 1239 (Fla. 5th DCA 2000). "Ordinary rules of contract construction apply and the unambiguous terms of the lease must be construed based upon its plain language." *Id.* "Absent agreement or negligence, [the lessor] is not responsible for destruction, injury or loss of the [leased property]." *E.B. Elliott v. Sheridan, Inc.*, 385 So.2d 1074, 1076 (Fla. 3d DCA 1980). However, the lessor "may properly agree to greater responsibility than the law requires." *Id. See also Williamson v. Phillipoff*, 66 Fla. 549, 64 So. 269, 271 (1914) (lessee "may agree to terms that will compel him to pay hire under any circumstances whatever.")

■ According to clause twelve of the lease agreement, Sunbelt and Gulf entered into an agreement where Gulf would bear the risk of loss under any circumstance. The clause held Gulf liable for any negligence of its own, for a third party or for any acts of God. The language is clear and unambiguous on its face. Gulf chose to accept the risk of loss. The parties were equipped with the knowledge of contractu-

---

in and around Ybor City and do hereby agree to indemnify and hold harmless the Releasees from all further claims or demands, cost, or expenses arising out of the injury, damage, and loss of any kind whatsoever, known or unknown, already sustained or which may be hereafter sustained

or allegedly sustained in consequence of any incidents, casualties, events, acts, or omissions to act, including but in no way limited to those described in or arising out of the incident which is the subject matter of this claim.

al agreements and chose to model their agreement in such a manner. As such, Gulf is liable to Sunbelt according to the contract.

*III. Defendant's Motion to Amend Answer*

As Gulf's Motion for Summary Judgment is denied and Sunbelt's is granted, Gulf's Motion to Amend Answer is moot and hereby denied. Accordingly, it is

**ORDERED** that Defendant Gulf's Motion for Summary Judgment is **denied;** Plaintiff's Motion for Summary Judgment is **granted;** and Defendant's Motion to Amend Answer is **denied.** As to damages, the two respective parties shall mutually agree to a time to meet and attempt to determine the amount of fees and damages payable. Should the parties fail to reach a mutual agreement as to the fees and damages, each party shall submit respective motions to this Court for a determination as to such fees and damages payable. The motions shall be filed within twenty-five days of this date.