United States Court of Appeals,

Eleventh Circuit.

No. 95-2077.

AQUATHERM INDUSTRIES, INC., a foreign corporation, Plaintiff-Appellant,

v.

FLORIDA POWER & LIGHT COMPANY, Defendant-Appellee.

June 11, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 92-1047-Civ-Orl-22), Anne C. Conway, Judge.

Before HATCHETT and BARKETT, Circuit Judges, and OAKES[*], Senior Circuit Judge.

OAKES, Senior Circuit Judge:

Appellant Aquatherm Industries, Inc. ("Aquatherm") appeals from a judgment entered on December 9, 1994, by the United States District Court for the Middle District of Florida, Anne C. Conway, *Judge,* dismissing Aquatherm's federal antitrust and Lanham Act claims against appellee Florida Power & Light Company ("FPL"). On appeal, Aquatherm argues that the district court erred in concluding that res judicata barred Aquatherm's claims under Florida preclusion law. While we agree with the district court that Aquatherm's Lanham Act claims were barred, we find that res judicata did not preclude Aquatherm's pursuit of its federal antitrust claims. We therefore affirm in part, reverse in part, and remand.

BACKGROUND

---

[*]Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

Aquatherm is a manufacturer of solar-powered heating systems for swimming pools. FPL is a regulated utility that sells electricity in an area of Florida containing more than 250,000 in-ground swimming pools. The underlying dispute in this case involves FPL's statements to its customers regarding electric pool heat pumps and solar pool heaters, and Aquatherm's contention that these statements have unfairly advantaged the market for pool heaters reliant on electricity.

Aquatherm and FPL have expended a great deal of energy on their journey to this court. Aquatherm commenced its suit in 1991 by filing state antitrust claims in Florida state court; it later amended its complaint to include a federal claim for unfair competition under the Lanham Act, 15 U.S.C. 1125(a) (1994). FPL then removed the action to the United States District Court for the Southern District of Florida, at which point Aquatherm voluntarily withdrew its Lanham Act claim. The District Court consequently remanded the action to state court.

After remand, Aquatherm again amended its complaint to include state law claims of trade libel and product disparagement. FPL moved for dismissal and the state court dismissed all of Aquatherm's claims with prejudice in November 1992. The state court's decision was affirmed by a Florida appellate court in March 1994.

Prior to dismissal of the state action, Aquatherm filed a federal action in the United States District Court for the Middle District of Florida in November 1992. The complaint alleged federal antitrust violations under the Sherman Act, 15 U.S.C. §§ 1

and 2 (1994), and reasserted Aquatherm's Lanham Act claim.  After Aquatherm amended this complaint to add antitrust claims under the Clayton Act, 15 U.S.C. § 15 (1994), FPL moved for dismissal.  The district court stayed the action pending resolution of the state court appeal.

When the Florida appellate court affirmed the dismissal of Aquatherm's claims, FPL renewed its motion to dismiss in the federal district court on the basis of res judicata and failure to state any colorable claim.  In December 1994, the district court granted FPL's motion to dismiss on the ground that res judicata barred Aquatherm's antitrust and Lanham Act claims.

In this appeal, Aquatherm contends that the district court erred in its construction and application of res judicata principles in several ways:  (1) by misapplying United States Supreme Court precedent to reach the conclusion that prior resolution of Aquatherm's state antitrust claims barred its later federal antitrust claims;  (2) by misinterpreting Florida preclusion law to find that res judicata bars a subsequent antitrust claim when an earlier court lacked subject matter jurisdiction over the original antitrust claim;  (3) by applying only two of the four elements required for res judicata under Florida law to hold that Aquatherm's Lanham Act claim was barred; and (4) by ignoring the "manifest injustice" exception to res judicata. We agree with Aquatherm that the district court erred in its analysis of Aquatherm's antitrust claims under res judicata principles.  We therefore reverse the dismissal of the antitrust claims and remand for further proceedings.  Because we find that

the district court properly dismissed Aquatherm's Lanham Act claim, we affirm that portion of the district court's decision.

## DISCUSSION

The application of res judicata principles to Aquatherm's claims constitutes a pure question of law that we review *de novo. Meshulam v. General Motors Corp.,* 995 F.2d 192, 194 (11th Cir.1993); *Israel Discount Bank Ltd. v. Entin,* 951 F.2d 311, 314 (11th Cir.1992). We therefore must assess whether Aquatherm can prove any set of facts entitling it to relief on its antitrust and Lanham Act claims. *St. Joseph's Hosp., Inc. v. Hospital Corp. of America,* 795 F.2d 948, 953 (11th Cir.1986). Because Aquatherm's two sets of claims raise discrete issues under the doctrine of res judicata,[1] we address them separately.

## I. Antitrust Claims

This case presents the question whether a federal district court may give a Florida court judgment preclusive effect in a federal action brought under antitrust laws that are within the exclusive jurisdiction of the federal courts and therefore could not have been raised in the state court proceeding due to lack of

---

[1]As noted by the Supreme Court, the terminology used to discuss the preclusive effects of earlier litigation is somewhat confusing because res judicata is often used to refer both to claim preclusion and to issue preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). Here, we adopt for the purposes of continuity the district court's use of the term "res judicata" as a synonym for "claim preclusion," which refers to "the effect of a judgment in foreclosing litigation of a matter that has never been litigated, because of a determination that it should have been advanced in an earlier suit." *Id.* We are not confronted with any question of issue preclusion, also known as collateral estoppel, in this case.

subject matter jurisdiction.[2]  While this issue appears to be one of first impression in this circuit, we are not without guidance: the Supreme Court has laid out the approach for determining whether a prior state court judgment may bar a later federal antitrust suit in *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985);  *see also Matsushita Electric Industrial Co., Ltd. v. Epstein,* --- U.S. ----, ----, 116 S.Ct. 873, 878, 134 L.Ed.2d 6 (1996) ("*Marrese* provides the analytical framework for deciding whether the [state] court's judgment precludes this exclusively federal action.").

In *Marrese,* the Court reversed a lower court ruling that held that, as a matter of federal law, res judicata barred federal antitrust claims in a federal suit brought after an Illinois state court judgment.  Balancing the exclusivity of federal court jurisdiction over federal antitrust claims with the full faith and credit given state court proceedings pursuant to 28 U.S.C. § 1738, the Court outlined a two-step analysis for federal courts to apply in cases such as the one before us.

*Marrese* directs a court "to look first to state preclusion law in determining the preclusive effects of a state court judgment."  470 U.S. at 381, 105 S.Ct. at 1332.  If state preclusion law indicates that res judicata should bar a claim in a subsequent federal suit, a court must then evaluate whether to

---

[2]Exclusive federal jurisdiction is provided by statute for Sherman Act claims, 15 U.S.C. § 4 (1994), and Clayton Act claims, 15 U.S.C. § 15 (1994). *See Freeman v. Bee Machine Co., Inc.,* 319 U.S. 448, 451, 63 S.Ct. 1146, 1147-48, 87 L.Ed. 1509 (1943), *Hayes v. Solomon,* 597 F.2d 958, 984 (5th Cir.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980).

permit the claim nevertheless as an exception to the full faith and credit requirements of § 1738. *Id.* at 383, 105 S.Ct. at 1333. The Court noted that:

> With respect to matters that were not decided in the state proceedings, ... claim preclusion generally does not apply where "[t]he plaintiff was unable to rely on a certain theory of the case or seek a certain remedy because of the limitations of the subject matter jurisdiction of the courts...." Restatement (Second) of Judgments § 26(1)(c) (1982). If state preclusion law includes this requirement of prior jurisdictional competency, which is generally true, a state judgment will *not* have claim preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts.

*Id.* at 382, 105 S.Ct. at 1333.

Under *Marrese,* therefore, we must determine whether Florida law would give preclusive effect to a judgment by a Florida court that lacked subject matter jurisdiction over the original claims. *Id.* at 386, 105 S.Ct. at 1334-35. If, as *Marrese* recognizes is usually the case, Florida preclusion law requires that the state court have subject matter jurisdiction for res judicata to apply, then Aquatherm's federal antitrust claims cannot be barred.

It is well-established that the general rule against splitting causes of action does not apply when suit is brought in a court that does not have jurisdiction over all of a plaintiff's claims. *See Restatement of Judgments (Second)* § 25 cmt. e (1982) ("If ... the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground ... then a second action in a competent court presenting the omitted theory or ground should be held not precluded."); 18 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 4470 (1981) ("On balance, it seems better to reject

claim preclusion" when jurisdiction is exclusively federal); *see also Hayes v. Solomon,* 597 F.2d 958, 984 (5th Cir.1979) (holding that "[t]he principle of res judicata which prohibits splitting a cause of action "applies only to claims capable of recovery in the first action.' " (citations omitted)), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980).

From a review of Florida law, it appears that Florida does follow this general rule requiring subject matter jurisdiction over claims in the original action in order for res judicata to act as a bar to those claims in a later action. As stated in Florida Jurisprudence 2d:

> The doctrine of res judicata applies to the judgments or decrees of courts of *competent* jurisdiction....

32 Fla.Jur.2d *Judgments and Decrees* § 130 (1994) (emphasis added).

> In order for a judgment or decree to operate as a bar, it must be rendered by a court having jurisdiction over the parties and subject matter.

33 *id.* at § 177.

Case law also supports the conclusion that Florida does not permit preclusion unless the prior court had jurisdiction over the claim. *See, e.g., Albrecht v. State,* 444 So.2d 8, 11 (Fla.1984) ("The general principle behind the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is absolute...."); *United Bhd. of Carpenters and Joiners v. Graves Inv. Co.,* 15 So.2d 196, 197 (Fla.1943) ("If the court failed to acquire jurisdiction of the subject matter ... [there is] no right to rely on the validity of the decree....").

It is not surprising that neither party can offer, nor can we find, any direct statement made by the Florida courts on the

particular problem presented here. As noted in *Marrese,* "a state court will not have occasion to address the specific question whether a state judgment has ... claim preclusive effect in a later action that can be brought only in federal court," 470 U.S. at 381-82, 105 S.Ct. at 1332, because the state court will never obtain jurisdiction over such an action. Given the assumption of competent jurisdiction reflected in Florida's approach to res judicata, as well as the absence of any indication that Florida does not follow the usual rule, we find that Florida's preclusion laws do not permit a prior state court judgment to act as a bar to claims over which the state court did not have subject matter jurisdiction. Therefore, Aquatherm's antitrust claims cannot be barred by res judicata in its federal action.

The district court did not engage in the above analysis, concluding instead that Aquatherm's state antitrust claims, which of course were litigated in a court of competent jurisdiction below, barred any federal claim against the same defendant arising from the same facts. The district court also found that Aquatherm, once removed to federal court, was required to raise its federal antitrust claims in that forum. We believe both these holdings were in error.

First, *Marrese* directly rejected the proposition that asserting state antitrust claims can eliminate the right to bring federal antitrust claims in a subsequent federal action. The Seventh Circuit plurality opinion in *Marrese* had held:

> [A] state court judgment bars the subsequent filing of a federal antitrust claim if the plaintiff could have brought a state antitrust claim under a state statute "materially identical" to the Sherman Act.

*Marrese,* 470 U.S. at 377, 105 S.Ct. at 1330. In reversing the Seventh Circuit, the Supreme Court stated clearly that:

> We ... reject a judicially created exception to § 1738 that effectively holds as a matter of federal law that a plaintiff can bring state law claims initially in state court only at the cost of forgoing subsequent federal antitrust claims.

*Id.* at 386, 105 S.Ct. at 1335; *see also Eichman v. Fotomat Corp.,* 759 F.2d 1434, 1437 (9th Cir.1985), *amended on other grounds,* 880 F.2d 149 (9th Cir.1989). *Marrese* therefore repudiates the district court's conclusion that Aquatherm's state antitrust claims served as its sole opportunity to present an antitrust complaint.

Second, there is no authority for the district court's proposition that Aquatherm was required to assert its federal claims when it found itself in federal court by virtue of removal. The district court rested its holding on our decision in *Olmstead v. Amoco Oil Co.,* 725 F.2d 627 (11th Cir.1984), where we found that a state court plaintiff who failed to transfer his suit to another court of the same state in order to escape monetary limits on jurisdiction was barred from bringing a second state claim. The district court read *Olmstead* to mean that whenever there is an opportunity to avoid jurisdictional constraints, a plaintiff must avail itself of them. While this reading may be accurate when different divisions of a state's courts are involved, as in *Olmstead,* it does not apply when claims are raised first in state and then in federal court. As stated in *Marrese:*

> The rule that the judgment of a court of limited jurisdiction concludes the entire claim assumes that the plaintiff might have commenced his action in a court *in the same system of courts* that was competent to give full relief. *See Restatement (Second) of Judgments* § 24, cmt. g (1982).

470 U.S. at 383 n. 3, 105 S.Ct. at 1333 n. 3. Here, Aquatherm

could not have received full relief on its claims in state court, and it chose not to commence its action in federal court. The district court's broad reading of *Olmstead* is therefore in error.

*Marrese* recognizes that our "parallel systems of state and federal courts" raise concerns of comity in the application of res judicata. *Id.* at 385, 105 S.Ct. at 1334. In analyzing Aquatherm's antitrust claims without regard for the effect of subject matter jurisdiction, the district court overlooked these concerns. Because the district court failed to apply the preclusion analysis set forth in *Marrese* and instead based its dismissal of Aquatherm's antitrust claims on erroneous conclusions of law, we reverse its decision as to the antitrust claims.

II. Lanham Act Claims

Aquatherm's Lanham Act claim differs from its antitrust claims in a crucial respect: Federal courts do not have exclusive jurisdiction over an action brought under the Lanham Act. 28 U.S.C. § 1338(a) (1994); 15 U.S.C. § 1121 (1994). Therefore, Aquatherm could have litigated its Lanham Act claim while in state court, but chose not to do so. The concurrent jurisdiction shared by the state and federal courts over the Lanham Act requires us to analyze res judicata under the standard set forth in *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

In *Migra,* the Supreme Court held that when a federal cause of action can be initially litigated in either state or federal court, a federal court must look to the preclusion law of the state in which it sits to determine the res judicata effect of a prior

judgment from a state court of competent jurisdiction. *Id.* at 85, 104 S.Ct. at 898. The Court rejected the argument that a plaintiff should not be precluded from suit in federal court when its federal claim could have been litigated in a prior state court proceeding, stating that a plaintiff is not:

> guarantee[d] ... a right to proceed to judgment in state court on [its] state claims and then turn to federal court for adjudication of [its] federal claims.

*Id.* Instead, federal courts must give state court judgments full faith and credit under 28 U.S.C. § 1738 and apply the state's preclusion law. *Id.* at 84, 104 S.Ct. at 897-98; *Stockton v. Lansiquot,* 838 F.2d 1545 (11th Cir.) (per curiam), *cert. denied,* 488 U.S. 891, 109 S.Ct. 225, 102 L.Ed.2d 216 (1988).

Under Florida law, res judicata bars a second suit when a court of competent jurisdiction has entered final judgment in an earlier suit and the following four conditions are met:

> identity of the thing sued for; identity of the cause of action; identity of the parties; [and] identity of the quality in the person for or against whom the claim is made.

*Albrecht v. State,* 444 So.2d 8, 12 (Fla.1984). Here, the Florida court had jurisdiction over Aquatherm's Lanham Act claim and its dismissal with prejudice of Aquatherm's state court action served as a final judgment. *See Crews v. Dobson,* 177 So.2d 202, 205 (Fla.1965). There is also no doubt that the same parties were acting in the same capacity in both actions, thus satisfying *Albrecht's* third and fourth conditions.

Aquatherm argues, however, that its Lanham Act claim in federal court involved both a different cause of action and a different form of requested relief than the claims for trade libel

and product disparagement it made in state court, and that therefore res judicata should not bar the litigation of the Lanham Act claim in federal court. We agree with neither of these contentions.

*Albrecht* provides that "[t]he determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." 444 So.2d at 12. Here, Aquatherm's state claims for trade libel and product disparagement relied on the same essential facts, namely, the alleged statements made by FPL to its customers, as its later Lanham Act claim. Indeed, the state claims appear to be simply a refashioning of the Lanham Act claim that Aquatherm voluntarily dropped from its original complaint so that it could return to state court after being removed to federal court by FPL. To treat such claims as non-identical would ignore the teaching of the *Restatement (Second) of Judgments* § 25, cmt. e., ill. 11, which offers almost the exact situation presented here as an example of how res judicata bars a federal claim that could have been raised in an earlier state court suit.[3] We see no reason to disregard such wisdom.

Aquatherm also can find no purchase with its argument that

---

[3]Illustration 11 reads:

> A sues B on a common law basis in a state court for unfair competition. After trial judgment is entered for the defendant. A then attempts to bring an action against B in federal court upon the same behavior, now claiming infringement of A's federally protected trademark. The action is barred. The claimed violation of federal right could have been urged as a ground of liability in the state court action, as state courts have concurrent jurisdiction with the federal courts to enforce that right.

the compensatory damages it sought in state court were a different form of relief from the treble damages and profits it requested in federal court. Aquatherm relies exclusively on *Sivilla v. State Farm Mut. Auto. Ins. Co.*, 614 So.2d 553 (Fla.3d Dist.Ct.App.1993) (per curiam) for this contention, ignoring that *Sivilla* involved two separate claims for breach of contract and bad faith that Florida law required be split for trial. Here, Aquatherm voluntarily chose not to urge a federal ground for recovery for the same conduct that served as the foundation of its state law claims. When the plaintiff itself splits the cause of action to suit its own purposes, we find that damages are damages, regardless of amount, for the purposes of res judicata. *See Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir.1985) (finding that identity of thing sued for existed when plaintiff sued for $2,500 in damages in first suit and $35,000 in second suit), *cert. denied,* 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986).

Florida law is clear that "[t]he rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action." *Department of Agric. and Consumer Serv. v. Mid-Florida Growers, Inc.,* 570 So.2d 892, 901 (Fla.1990). Aquatherm did not abide by this rule, but elected instead to bring only its state law claims in the initial state court litigation. We therefore agree with the district court that Aquatherm's Lanham Act claim is barred by res

judicata.[4]

## CONCLUSION

For the foregoing reasons, we REVERSE the dismissal of Aquatherm's antitrust claims and REMAND to the district court for further proceedings. We AFFIRM the dismissal of the Lanham Act claim.

---

[4]Aquatherm also contends that to allow res judicata to bar its Lanham Act claim would work a "manifest injustice." After reviewing the argument for this contention, we deem it wholly without merit.