Michael GIBBS, et al., Plaintiffs,

v.

REPUBLIC TOBACCO, L.P. and Top Tobacco, L.P. Defendants.

No. 8:00–CV–874–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 26, 2000.

Michael Gibbs, Bowling Green, FL, pro se.

James Anthony, Hardee Correctional Institution, Bowling Green, Pro se.

Ricky Leon Baxter, Bowling Green, FL, pro se.

W. Gray Dunlap, Jr., Simmons & Dunlap, Tampa, FL, Paul H. Getzendanner, Bates, Meckler, Bulger & Tilson, Chicago, IL, for Republic Tobacco LP, Top Tobacco, L.P., defendants.

## ORDER ON MOTION TO DISMISS COMPLAINT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion to Dismiss Complaint, (Dkt.14), and Plaintiffs' response thereto, (Dkt.16).

### STANDARD OF REVIEW

A *motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint and requests that the court determine whether the complaint sets forth sufficient allegations to establish a claim for relief.* Under *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a district court should not dismiss a complaint for failure to state a claim solely on the pleadings, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." Additionally, when deciding a motion to dismiss, a court must accept the truthfulness of well-pleaded facts and resolve them in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Beck v. Deloitte et al.,* 144 F.3d 732, 735–36 (11th Cir.1998) (quoting *St. Joseph's Hosp. Inc. v. Hospital Corp. of America,* 795 F.2d 948, 954 (11th Cir.1986)).

Plaintiffs are pursuing their claim *pro se.* As such, their pleading is held to a less stringent standard than those of attorneys. *See Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998). This leniency, however, does not give the court a license to serve as *de facto* counsel for a *pro se* litigant, *see Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), "or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir.1998) (citing *Pontier v. City of Clearwater,* 881 F.Supp. 1565, 1568 (M.D.Fla. 1995)). Although a complaint submitted *pro se* must be construed liberally, when deciding a motion to dismiss, a court can only examine the four corners of the complaint. *See Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232, 233 (M.D.Fla.1995). Using this standard, the Court turns to consideration of the claims asserted.

### BACKGROUND

The following allegations are considered true for the purpose of deciding whether to dismiss the Complaint. Plaintiffs allege several state law product liability, negligence, and intentional tort claims, focusing primarily on Defendants' alleged failure to warn against the harms and risks associat-

ed with smoking loose-leaf tobacco. Plaintiffs allege, in Counts I and II, that Defendants were negligent in failing to warn of the risks and adverse health consequences of smoking Top Tobacco, and were negligent in the manner in which they tested, sold, and advertised Top Tobacco by failing to warn of the dangers associated with their product. Count III alleges that Defendants, prompted primarily by pecuniary motives, were in possession of scientific and medical data indicating the hazardous nature of tobacco products and were negligent in ignoring and failing to act upon that data, thereby depriving the public of such information.

Plaintiffs allege, in Counts IV and V, that Defendants both negligently and intentionally misrepresented their tobacco products, and fraudulently concealed the adverse health consequences of smoking Top Tobacco. Count VI alleges that Defendants' tobacco products were defectively designed, in that they cause dependency and addiction. Finally, Plaintiffs claim, in Count VII, that Defendants are liable for the intentional infliction of emotional distress that their products have had on Plaintiffs, more specifically the fear of contracting cancer and the inability to stop smoking.

Defendants hereby move this Court to dismiss Plaintiffs' Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

It is also imperative to note that two of the Plaintiffs, James Anthony and Ricky Baxter, were Plaintiffs in a separate action against Defendants, and that this Court entered final judgment against them on June 16, 1999, in *James Lee Anthony, Jr., et al. v. Top Tobacco Company, et al.,* United States District Court, Middle District of Florida, Tampa Division, Case No. 98–1502–CIV–T–17B.

### ANALYSIS

**I. Res Judicata**

Pursuant to this Court's June 14, 1999, Order, and June 16, 1999, final judgment dismissing the claims in *James Lee Anthony, Jr., et al. v. Top Tobacco Company, et al.,* No. 98–1502–CIV–T–17B, Plaintiffs, James Anthony's and Ricky Baxter's, present claims are barred by the doctrine of res judicata. The effect of this doctrine is that it precludes a subsequent suit on claims which were raised, or could have been raised, in a prior suit, when: (1) there is a final judgment on the merits in the prior suit; (2) the decision in the prior suit was rendered by a court of competent jurisdiction; (3) the parties in both suits were identical; and (4) both suits involved the same cause of action. *See Citibank, N.A., v. Data Lease Fin. Corp.,* 904 F.2d 1498, 1501 (11th Cir.1990); *see also Israel Discount Bank Ltd. v. Entin,* 951 F.2d 311, 314 (11th Cir.1992) (citing *Citibank,* 904 F.2d at 1501); *In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1550 (11th Cir.1990); *Thomas v. Evans,* 880 F.2d 1235, 1240 (11th Cir.1989).

In Florida, there are four conditions which must be met in order for res judicata to bar a second suit when a court of competent jurisdiction has entered final judgment in an earlier suit. *See Aquatherm Indus. Inc. v. Florida Power & Light Co.,* 84 F.3d 1388, 1394–95 (11th Cir.1996). The four conditions which must be present include: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties to the action; and (4) identity of the quality of the person for or against whom the claim is made. *Id.* (citing *Albrecht v. State,* 444 So.2d 8, 12 (Fla.1984)); *see also Fields v. Sarasota Manatee Airport Authority,* 953 F.2d 1299, 1307–08 (11th Cir.1992) (citing *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1509 (11th Cir.1985), *cert. denied,* 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986)).

As it was further noted in *Aquatherm,* the fact that a second suit involves both a different cause of action, and a different form of requested relief, than in the first suit, is not dispositive of whether the second suit will be barred by res judicata.

*See Aquatherm,* 84 F.3d at 1395. "[T]he determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." *Id.* at 1394 (quoting *Albrecht,* 444 So.2d at 12).

Florida law requires plaintiffs to "raise all available claims involving the same circumstances in one action." *Aquatherm,* 84 F.3d at 1395; *see also Department of Agric. and Consumer Serv. v. Mid–Florida Growers, Inc.,* 570 So.2d 892, 901 (Fla. 1990); *Tuma v. Dade County Public Schools,* 989 F.Supp. 1471, 1473, n. 2 (S.D.Fla.1998) (stating that res judicata means previous parties to an action, including those in privity with them, are barred from relitigating issues that were or could have been raised in the initial action, if a final judgment on the merits has been rendered). The doctrine of res judicata prevents parties from bringing suit to resolve issues that were raised, or could have been raised, in a previous action. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kelly v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.,* 985 F.2d 1067, 1070 (11th Cir.1993); *Foxx v. Dalton,* 46 F.Supp.2d 1268, 1273 (M.D.Fla. 1999).

While the previous case involving Plaintiffs, James Anthony and Ricky Baxter, was premised on alleged violations of the Federal Cigarette Labeling and Advertising Act of 1969, 15 U.S.C. § 1333 *et seq.* (the "Labeling Act"), and on civil rights violations under 42 U.S.C. § 1983, the present claims are cloaked in state product liability, negligence, and intentional tort law. Despite the differences in the type of claims that Plaintiffs' Complaint avers, the present case and the previous case are based on identical factual contentions, primarily that Defendants failed to warn of the dangers and risks associated with the use of Top loose-leaf tobacco products.

Since Plaintiffs, James Anthony's and Ricky Baxter's, factual contentions in the present Complaint are recited essentially verbatim from their Complaint in the pre-

vious case, this Court's final judgment on the merits dismissing the claims in *James Lee Anthony, Jr., et al. v. Top Tobacco Company, et al.,* No. 98–1502–CIV–T–17B is controlling authority. Thus, Plaintiffs, James Anthony and Ricky Baxter, were already given the opportunity to raise the state tort law claims that they now assert, as they arise from the same circumstances and factual contentions, but failed to do so in their previous action. Therefore, the doctrine of res judicata bars Plaintiffs, James Anthony's and Ricky Baxter's, present attempt to re-litigate the issues that were previously disposed of, and it is hereby ordered and adjudged that all of their present claims and assertions are dismissed with prejudice.

## II. Plaintiff Michael Gibbs' Claims

Since Plaintiffs, James Anthony's and Ricky Baxter's, claims are barred by the doctrine of res judicata, it is hereby noted that the following discussion of the Plaintiffs' claims apply only with respect to Plaintiff, Michael Gibbs.

### A. *Failure to Warn*

Counts I through III of Plaintiffs' Complaint allege that Defendants were negligent in failing to warn of the risks and adverse health consequences of smoking Top Tobacco, were negligent in the manner in which they tested, sold, and advertised Top Tobacco by failing to warn of the dangers associated with it, and were negligent in depriving the public of scientific and medical data indicating the hazardous nature of Defendants' products. (Dkt.2).

The Federal Cigarette Labeling and Advertising Act of 1969, 15 U.S.C. § 1333 *et seq.* (the "Labeling Act"), mandates that all packaging and advertising of cigarettes must include the Surgeon General's Warning that, "Cigarette Smoking is Dangerous to Your Health." The definition of what constitutes a cigarette, however, for purposes of the Labeling Act, does not include loose-leaf tobacco. *See* 15 U.S.C. § 1332(1); *see also Toole v. Brown & Wil-*

liamson Tobacco Corp., 980 F.Supp. 419, 421 (N.D.Ala.1997). Now that it has been established that Defendants do not have a federal statutory affirmative duty to warn of the dangers associated with their loose-leaf tobacco products, this Court turns to the issue of whether there is such a duty imposed upon Defendants under Florida product liability law.

■ Florida law applies to Plaintiffs' state law claims, under *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This Court will take judicial notice that the dangers, risks, and adverse health consequences that are associated with any type of tobacco use are open, obvious, and well-known to the general public as a whole. *See Toole,* 980 F.Supp. at 425 ("The Court may take judicial notice of the fact that most, if not all, American citizens are well-informed of the dangers associated with tobacco smoking.") (citing *Varga v. Brown & Williamson Tobacco Corp.,* 1988 WL 288977, No. G88–568, at *3 (W.D.Mich. Nov. 7, 1988)).

■ Courts throughout Florida have consistently and repeatedly held that there is no duty to warn consumers of the obvious dangers associated with certain products. *See City of St. Petersburg v. Collom,* 419 So.2d 1082, 1083 (Fla.1982) (indicating that there is no duty to warn individuals of open and obvious hazards); *see also Thursby v. Reynolds Metals Co.,* 466 So.2d 245, 251 (Fla. 1st DCA 1984), *review denied,* 476 So.2d 676 (Fla.1985); *Cohen v. General Motors Corp., Cadillac Div.,* 427 So.2d 389, 391 (Fla. 4th DCA 1983); *Clark v. Boeing Co.,* 395 So.2d 1226, 1228 (Fla. 3rd DCA 1981). In addition, the "open and obvious" test is considered to be objective in nature, thus, the individual subjective perceptions of the specific user or injured party are irrelevant in the determination of whether there ever existed a duty to warn. *See Lamb v. Sears, Roebuck & Co.,* 1 F.3d 1184, 1189–90 (11th Cir.1993).

■ Since this Court has taken judicial notice of the dangers and risks associated with tobacco use in general, and recogniz-ing that there is no duty upon Defendants to warn of open and obvious dangers, it necessarily follows that liability cannot be imposed against Defendants for failing to warn Plaintiffs about the adverse health consequences that may result from use of their Top loose-leaf tobacco products. As such, Counts I through III of Plaintiffs' Complaint, as they apply to Plaintiff, Michael Gibbs, are hereby dismissed with prejudice for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**B. *Negligent and Intentional Misrepresentation***

Counts IV and V of Plaintiffs' Complaint are predicated on theories of negligent and intentional misrepresentation on behalf of Defendants and, as will be explained, are subject to a similar fate as the failure-to-warn claims that were just addressed. Count IV alleges that Defendants "negligently advertised and misrepresented their products, which rendered ineffective the warnings, if any which had been given regarding the harmful effects of smoking Top Tobacco." (Dkt.2). Likewise, Count V alleges that Defendants "individually and as a member of the tobacco industry intentionally misrepresented and fraudulently concealed the adverse health consequences of smoking Top Tobacco." (Dkt.2). On its face, both Count IV and V appear to be a reiteration of the previous failure-to-warn claims, however, the requests for relief are being pursued under different state tort law theories.

■ As to Count IV, Plaintiffs mistakenly premise this claim on the contention that if any warnings had been given they were rendered ineffective by the Defendants' alleged negligent misrepresentation. This argument is flawed because, as this Court already discussed, the Defendants were under no duty, either federally or under the laws of Florida, to include warnings about the dangers associated with the use of their loose-leaf Top Tobacco products. Since Defendants' Top Tobacco

products are loose-leaf in nature, and since there is no affirmative duty imposed on Defendants to warn of the dangers of loose-leaf tobacco use, the syllogism that follows is that it is impossible for the Defendants to have negligently misrepresented their products.

■■■ Count V is also without merit and can be similarly disposed of. Plaintiffs cannot seriously contend that Defendants intentionally misrepresented and fraudulently concealed the negative effects and consequences of using loose-leaf Top Tobacco products. As was previously mentioned, the dangers and risks associated with any type of tobacco use is "open and obvious," and the public is generally aware of the damaging and injurious effects that prolonged tobacco use can have on an individual's health. Since loose-leaf Top Tobacco is by its name and nature a tobacco product, and since the dangers of tobacco use are "open and obvious," the syllogism that follows is that Defendants could not have possibly intentionally misrepresented, or fraudulently concealed, the adverse effects of Top Tobacco because they are "open and obvious" by their nature as tobacco. Furthermore, by claiming intentional misrepresentation and fraudulent concealment, it is presumed that Plaintiffs are premising this allegation on affirmative inaction on behalf of Defendants, i.e., that they intentionally and fraudulently failed to put warnings on loose-leaf Top Tobacco products. Once again, however, Defendants were under no affirmative duty to warn consumers of the potential harmful effects that their product may cause.

Additionally, Plaintiffs' actual pleadings, with respect to the negligent and intentional misrepresentation allegations in Counts IV and V, are defective in nature. As was noted earlier, pleadings by *pro se* plaintiffs are held to a less stringent standard than those of attorneys. *See Tannenbaum*, 148 F.3d at 1263. However, this Court also recognizes that the liberal reading of pleadings which is afforded to plaintiffs appearing *pro se* does not allow a court "to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc.*, 132 F.3d at 1369.

Federal Rule of Civil Procedure 9(b) provides that the circumstances constituting an allegation of fraud shall be stated with particularity in all averments of fraud. The predicate for compliance with this rule may be accomplished by setting forth:

(1)[P]recisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

*Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D.Fla.1998); *see also Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1371 (11th Cir.1997).

■■■ In the present case, Plaintiffs never identified in Counts IV or V any specific statements or omissions, nor did they identify when and where such statements or omissions occurred. Plaintiffs also failed to indicate the content of any such statements and how they were misled. Instead, Plaintiffs simply included a general averment alleging negligent and intentional misrepresentation and fraudulent concealment of the harmful and adverse consequences of Top Tobacco. This is not sufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b).

In sum, because Defendants had no duty to warn of the "open and obvious" dangers associated with tobacco use, Plaintiffs' allegations that Defendants negligently and intentionally misrepresented loose-leaf Top Tobacco products are clearly without merit. Moreover, since Plaintiffs' pleadings are procedurally defective pursuant to Federal Rule of Civil Procedure 9(b), and this Court finds that *GJR Investments, Inc.* is controlling, then Federal Rule of Civil Procedure 12(b)(6) necessitates that

Counts IV and V also be summarily dismissed for failure to state a claim. Therefore, Counts IV and V of Plaintiffs' Complaint, as they apply to Plaintiff Michael Gibbs, are hereby dismissed with prejudice, since the Court finds amendment of the claim would be futile.

### C. *Defective Design*

 Count VI of Plaintiffs' Complaint alleges that Defendants' products are defectively designed because they result in addiction and dependency. The Restatement (Second) of Torts § 402A sets forth the standard for strict product liability, and Florida adopted this standard in *West v. Caterpillar Tractor Co.*, 336 So.2d 80, 87 (Fla.1976). Under this standard, if the product in question has a defect that renders it unreasonably dangerous, and if the unreasonably dangerous condition of the product is the proximate cause of the plaintiff's injury, then the manufacturer of the product can be held liable. *See Jennings v. BIC Corp.*, 181 F.3d 1250, 1255 (11th Cir.1999); *see also* Restatement (Second) of Torts § 402A (1965). Some of the determinative factors which must be considered when applying this standard to a product are public knowledge, expectation of danger, and obviousness of the danger. *See Norton v. Snapper Power Equip.*, 806 F.2d 1545, 1548 (11th Cir.1987). Additionally, alleged defects in the design of a product are analyzed under the objective standard, not under the subjective perceptions of a specific individual. *See Hobart Corp. v. Siegle*, 600 So.2d 503, 505 (Fla. 3rd DCA 1992).

 The Restatement (Second) of Torts defines an "unreasonably dangerous" condition as one that is "dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchases it, with ordinary ˙knowledge common to the community as to its characteristics." Restatement (Second) of Torts § 402A cmt. i (1965). Since this Court has already established the widespread public knowledge and acceptance of the dangers associated with tobacco

use, it cannot be alleged that Defendants' loose-leaf Top Tobacco products are of an "unreasonably dangerous" nature, even though the effects of such use may be, in order to sustain a claim for defective product design.

In further support of this contention, Plaintiffs stated in their Complaint that they thought Top Tobacco was not as harmful as other tobacco products because it did not contain warnings regarding adverse health consequences that may result from use. Thus, by their own admission, Plaintiffs have acknowledged the inherent dangers and risks associated with tobacco use in general, and are now precluded from asserting that Defendants' products are defectively designed. Given the fact that Top Tobacco is a tobacco product, Plaintiffs are hereby deemed to have had implied knowledge and notice of the "open and obvious" dangers associated with the use of the product. Therefore, Count VI is also hereby dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### D. *Intentional Infliction of Emotional Distress*

Count VII of Plaintiffs' Complaint alleges that Defendants are liable for the emotional distress that their products have had on the minds of Plaintiffs, specifically the fear of contracting cancer and the inability to quit smoking. In Florida, the elements for a cause of action for intentional infliction of emotional distress include:

(1)[T]he wrongdoer's conduct was intentional or reckless, i.e., he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, i.e., beyond all bounds of decency, atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.

*State Farm Mutual Ins. Co. v. Novotny*, 657 So.2d 1210, 1212 (Fla. 5th DCA 1995)

(citing *Williams v. City of Minneola*, 619 So.2d 983, 986 (Fla. 5th DCA 1993)).

■ Plaintiffs cannot seriously contend that the sale of tobacco products is beyond the bounds of all decency and that a civilized society would not tolerate such conduct. The elements of a claim for intentional infliction of emotional distress are difficult to satisfy and, once again, Plaintiffs' allegations are defective and fail to meet this standard.

■ Plaintiffs, likewise, cannot state a valid claim for emotional distress when Defendants are simply exercising their legal right to sell loose-leaf tobacco products under Florida law. Those who pursue rights and objectives in a legally permissible manner cannot be held liable for intentional infliction of emotional distress, even if they know that their conduct will cause emotional distress to the plaintiff. *See Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 279 (Fla.1985); *see also Southland Corp. v. Bartsch*, 522 So.2d 1053, 1056 (Fla. 5th DCA 1988); *Novotny*, 657 So.2d at 1212. Therefore, Count VII is also hereby dismissed with prejudice for failing to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### *CONCLUSION*

For the reasons stated above, Plaintiffs, James Anthony's and Ricky Baxter's, claims are barred by the doctrine of res judicata, and are thus dismissed with prejudice. Similarly, Plaintiff, Michael Gibbs', claims are also hereby dismissed, in their entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, it is:

**ORDERED** that Defendants', Republic Tobacco, L.P., *et al.*'s, Motion to Dismiss Complaint (Dkt.14), be **GRANTED, WITH PREJUDICE**, and the Clerk of Court be **DIRECTED** to enter judgment in accordance herewith.