**Isabel QUINTANA LOPEZ,
et als., Plaintiffs**

v.

**LIGGETT GROUP INC.,
et als., Defendants.**

**Civil No. 03–2048 DRD.**

United States District Court,
D. Puerto Rico.

Sept. 22, 2004.

Amarilys Arocho–Maldonado, Arocho Maldonado Law Office, Utuado, PR, Myrna E. Ayala–Diaz, Asociacion de Maestros Bldg., San Juan, PR, for Plaintiffs.

Edgardo Cartagena–Santiago, Javier Lopez–Perez, Goldman, Antonetti & Cordova, William A. Graffam, Jimenez, Graffam & Lausell, Rosalie Irizarry–Silvestrini, Clotilde Rexach–Benitez, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is *Certain Defendants' Motion to Dismiss Plaintiffs' Complaint and Incorporated Memorandum of Law* (Docket No. 5)[1]; the *Defendant Liggett Group Inc.'s Motion to Dismiss Plaintiffs Complaint, Joining, Brief, Reply and Arguments of Certain Defendant' Motion to Dismiss Complaint and Incorporated Memorandum of Law* (Docket No. 13) and the Plaintiffs' *Opposition to Motion to Dismiss* (Docket No. 11) and *Corrected and/or Amended Opposition to Defendants' Motion to Dismiss* (Docket Nos. 12 and 18).

For the reasons stated hereinafter, the Court hereby **GRANTS** the Defendants' motion to dismiss (Docket Nos. 5 and 13) and **DISMISSES** all claims against all Co-defendants **WITH PREJUDICE.**

## I. FACTUAL BACKGROUND

Isabel Quintana Lopez and Maria D. Quintana Lopez (the Plaintiffs) are the surviving cousins of Natividad Vivas Lopez, hereinafter referred to as "Vivas Lopez", who was considered by them "as an elder sister" until she died on October 8, 2000, at age 67, after a long history of fifty-two (52) years of smoking cigarettes. The Plaintiffs sustain that after several attempts to retain a lawyer for representation, it was not until October 8, 2002, after consulting a lawyer "who had experience with cigarette cases" that they learned that "addiction was a substantial factor relative to their sister's death" and that this "addiction to smoking could form a basis for a lawsuit".

The instant action brings forth claims for the wrongful death of Vivas Lopez resulting from her addiction of using cigarette products. Plaintiffs sustain that the Co-defendants are strictly liable to Plaintiffs by virtue of manufacturing "defective tobacco products" containing nicotine levels manipulated by the Co-defendants causing addiction amongst consumers and for their failure to provide a safer alternative cigarette not causing addictiveness. Further, Plaintiffs affirm that Co-defendants failed to warn consumers of the manipulated levels of nicotine in the cigarettes manufactured and distributed by the latter.

Likewise, Plaintiff sustains that Defendants were negligent towards the Decedent breaching their duty of reasonable care because knowing that nicotine was addictive, failed to warn consumers of this fact and rather disseminated advertisement inducing the public to smoke. Further, Co-defendants failed to provide a reasonable safe cigarette in design and manufacture therefore the cigarettes were defective and otherwise harmful to smokers. Moreover, Plaintiffs allege that Co-defendants breached their duty pursuant to the *Federal Cigarette Labeling and Advertising Act of 1965*, as amended, 15 U.S.C. § 1331, *et seq.*, for their failure to provide an adequate label which informed the public that cigarette smoking was hazardous to the health inasmuch it failed to warn of potential dangers related to nicotine use. Plaintiffs allege that the breach of the federal law results in a breach of local state law.

1. The instant motion was filed jointly by Co-defendants R.J. Reynolds Tobacco Company and Brown & Williamson Tobacco Corporation.

Finally, Plaintiffs aver that the defective design, manufacture and distribution of Co-defendants products deceived consumer expectation since such products were unsafe and the consumers were unaware that cigarette use could cause a wide variety of diseases which in the instant case turned to be the Decedent's proximate cause of death.

In turn, the appearing Co-defendants move for dismissal stating that Plaintiffs' claims are time barred. At the outset, the Co-defendants sustain that since diversity jurisdiction is asserted by the Plaintiffs, the instant action is governed by local substantive law which imposes a one (1) year statute of limitations for tort actions which commence to run from the time the aggrieved person had knowledge of the injury and could institute the action. However, Co-defendants acknowledge that said statute of limitations may be tolled if the claimant proves that it lacked the required "knowledge at the relevant time". However, Plaintiff bears the burden of proof that diligent efforts were made to discover the cause of the injury or death.

Plaintiffs accept that the instant action was filed two (2) years after the Decedent's death. Co-defendants aver that Plaintiffs have failed to provide an explanation as to why they lacked knowledge of a causal link between the death and the Decedent's smoking habit within the one-year statute of limitations. Co-defendants allege that there is no tolling of the prescriptive period. Although the Co-defendants acknowledge that even if Plaintiffs became aware in October 8, 2002, of their Decedent's injuries and the responsible party for said injuries, the Plaintiffs have failed to provide grounds of their "diligent efforts" to discover the cause of the injuries or death before the statute of limitations expired since it has been of "common knowledge" in this jurisdiction and throughout the United States for many years that cigarette smoking is addictive.

## II. STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also *Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991).

The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996); see also *Berrios v. Bristol Myers Squibb Caribbean Corp.*, 51 F.Supp.2d 61 (D.Puerto Rico 1999). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barcelo v. Hernandez–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)). However, this deferential standard is not a "toothless tiger". *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). The Court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like". *Aulson v. Blanchard*, 83 F.3d 1,3 (1st Cir.1996).

A district court's dismissal of a claim under Rule 12(b)(6) is reviewed *de novo* by the appeals court; such court "accept[s] as

true all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff's favor." *Calderon–Ortiz v. La-Boy -Alvarado,* 300 F.3d at 62–63; *SEC v.SG Ltd.,* 265 F.3d at 46. Accordingly, "if the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory", any order of dismissal shall be set aside. *Calderon Ortiz,* 300 F.3d at 63; quoting, *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99; *Aulson v. Blanchard,* 83 F.3d at 3.

Finally, "it is well established that affirmative defenses [such as time prescription] may be raised in a motion to dismiss an action for failure to state a claim". *Blackstone Realty LLC v. FDIC,* 244 F.3d 193, 197 (1st Cir.2001); *LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 509 (1st Cir.1998)("In the case of the affirmative defense of statute of limitations, dismissal is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time barred".); *Aldahonda–Rivera v. Parke Davis and Company,* 882 F.2d 590, 592 (1st Cir.1989)("When a defendant raises an affirmative defense that is obvious on the face of plaintiff's pleadings, and the court makes the ruling based only on those pleadings, the motion is treated as a Rule 12(b)(6) motion to dismiss"). In cases in which the affirmative defense is based on the statute of limitations, the Court may grant a motion to dismiss if the pleader's allegations leave no doubt that the asserted claim is time-barred. *See, Street v. Vose,* 936 F.2d 38, 39 (1st Cir.1991); *Kali Seafood Inc. v. Howe Corp.,* 887 F.2d 7, 9 (1st Cir.1989). *See also Estate of Alicano Ayala v. Philip Morris, Inc.,* 263 F.Supp.2d 311, 315 (D.P.R.2003).

## III. STATUTE OF LIMITATIONS UNDER LOCAL LAW

In this diversity tort action the statute of limitations is substantive law, therefore, Puerto Rico law controls. *See Erie v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Daigle v. Maine Medical Center,* 14 F.3d 684, 689 (1st Cir.1994). Puerto Rico's Civil Code provides that actions for obligations arising from fault or negligence prescribe one year from the moment the aggrieved person has knowledge of the injury; that is to say, the statute of limitations provides a one-year term for a tort action. 31 P.R. LAWS ANN., § 5298 (1990). The term is interrupted by an extrajudicial claim, acknowledgment of the debt, or filing of a complaint. 31 P.R. LAWS ANN., § 5303 (1990). *Silva–Wiscovich v. Weber Dental Mfg. Co.,* 1987 WL 448272, 119 P.R. Offic. Trans. 550 (1987); *Diaz De Diana v. A. J. A. S. Ins. Co.,* 110 D.P.R. Offic. Trans. 471, 474, 1980 WL 138494 (1980). However, the one (1) year period begins to run after the date of accrual of the claim. *Espada v. Lugo,* 312 F.3d 1, 3 (1st Cir.2002)("The time for prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the date on which they could have been instituted"); *see* also 31 P.R. LAWS ANN., § 5298.

The general rule is that the one-year "term does not start to run from the occurrence of the negligent act or damage, but from the moment the damage is known." *Barretto Peat, Inc. v. Luis Ayala Colon Sucrs., Inc.,* 896 F.2d 656, 658 (1st Cir.1990)(*citing Rivera Encarnacion v. Estado Libre Asociado De P.R.,* 1982 WL 210553, 113 P.R. Offic. Trans. 383, 385 (1982)). Notice or knowledge of the injury exists when there are "some outward or physical signs through which the aggrieved party may become aware and realize that he or she has suffered an injurious aftereffect, which when known becomes a damage even if at the time its full scope and extent cannot be weighed". *Rodri-*

*guez–Suris v. Montesinos,* 123 F.3d 10, 13 (1st Cir.1997).

 Although the general rule establishes that the one-year term starts on the date the plaintiff becomes aware of the damage and who caused the damage, if the plaintiff's lack of awareness is due to his own negligence or carelessness, then the prescriptive period will begin to run from the date the alleged tort occurred. The plaintiff is then presumed to have knowledge of the injury at the time of the tortious act, and has the burden of proving that he learned of the act at a later date. *See Rivera–Encarnacion,* 1982 WL 210553, 113 P.R. Offic. Trans., at 385 (*citing* L. Diez Picazo, *La Prescripcion en el Codigo Civil,* 240 (Barcelona, Bosch ed.1964)). *See* also *M.R. (Vega Alta), Inc. v. Caribe General Electric Products, Inc.,* 31 F.Supp.2d 226, 239 (D.Puerto Rico 1998)(The statute of limitations for tort claims in Puerto Rico is one year according to Sections 1868 and 1869 of the Civil Code of Puerto Rico, 31 P.R. Stat. Ann., §§ 5298 & 5299)(J., Fuste).

## IV. LEGAL ANALYSIS

The Court shall begin its analysis by stating that the instant complaint fails to establish that the Decedent died as a result of one of the diseases associated with cigarette smoking although Plaintiffs are quite skilled in enumerating all of such diseases. Instead, Plaintiffs' move their claim on the grounds that the Decedent died as a result of her addiction to cigarette smoking. However, the complaint was filed past the one-year statute of limitations provided by local statute, fact not disputed by the Plaintiffs, but instead they sustain that it was not filed within the time provided to do so because they were unaware that such addiction "could form a basis for a lawsuit" after "consulting a lawyer who had experience with cigarette cases".

The matter before the Court is whether, as stated by Plaintiffs, their efforts to gain knowledge complied with the "diligence standard" required by the local statute in order to toll the statute of limitations. In the alternative, the Court must determine whether or not the fact that cigarette smoking was addictive was of "common knowledge" on or before the Decedent's death. Answers to these matters will determine if the statute of limitations was tolled and hence the complaint would not be time barred.

 It is known that under Puerto Rico law, "due diligence does not mean waiting for answers to fall from the sky, but rather requires reasonable, active efforts to seek answers and clarify doubts". *Alicano Ayala v. Philip Morris, Inc.,* 263 F.Supp.2d 311, 317 (D.P.R.2003). The fact that the Decedent was related to Plaintiffs as "an elder sister", that Plaintiffs knew that Decedent was a cigarette smoker for over "fifty-two(52) years" and that Decedent's attempts to quit were unsuccessful should have raised some questions as to Decedent's "physical impossibility, physical dependence, habit forming and/or addictiveness" to cigarettes. The fact that for over fifty-two (52) years the Plaintiffs did not inquire as to the Decedent's failure to quit smoking or as to the possibility that she was a nicotine addict does not satisfy compliance with the "diligence standard" necessary to toll the statute of limitations.

Further, Plaintiffs assert that they could not have filed the instant complaint before the prescriptive period elapsed because they were not able to find an attorney with experience in cigarette cases and because they found out that cigarettes were addictive only after the statute of limitations had expired. However, such averments do not overcomes the "diligence standard" hurdle necessary to toll the statute of limitations.

As asserted by Defendants, Plaintiffs have failed to allege any specific facts which may establish the grounds for their "lack of knowledge" of a causal link between smoking and the Decedent's death although there is a widespread knowledge of the health hazards of smoking and its addictiveness. Neither have the Plaintiffs alleged specific facts that may show that "diligent efforts" were conducted before the statute of limitations elapsed in their attempt to obtain the required knowledge to prosecute their cause of action.

As pointed by District Judge Laffitte in *Estate of Castro Martinez v. Philip Morris, Inc.*, 2004 WL 870677 (D.P.R., March 30, 2004):

> Similarly, defendants correctly note that since 1966 all **cigarette** packages sold in Puerto Rico have contained a strong warning from the Surgeon General concerning the health hazards associated with smoking. (Emphasis in the original).

*Estate of Castro Martinez*, 2004 WL 870677 at \*2. As to the addictiveness issue, the Court reminds the parties that several Federal Courts at appellate and trial levels throughout the United States have held that the health risks associated with smoking are "common knowledge" to the general public. *See e.g., Estate of Castro Martinez v. Philip Morris, Inc., supra,* (Citing *Soliman v. Philip Morris Inc.,* 311 F.3d 966, 974–75 (9th Cir.2002)); *Allgood v. R.J. Reynolds Tobacco Co.,* 80 F.3d 168, 173 (5th Cir.1996); *Roysdon v. R.J. Reynolds Tobacco Co.,* 849 F.2d 230, 236 (6th Cir. 1988); *Guilbeault v. R.J. Reynolds Tobacco Co.,* 84 F.Supp.2d 263, 273 (D.R.I.2000); *Gibbs v. Republic Tobacco L.P.,* 119 F.Supp.2d 1288, 1294 (M.D.Fla.2000); *Tillman v. Reynolds Tobacco Co.,* 89 F.SUpp.2d 1297, 1301 (S.D.Ala.2000).

It is common knowledge that in the 1990's several states including Puerto Rico filed suit against the tobacco companies claiming that the manufacturing companies have conspired to mislead and deceive the public as to the addictive nature of and the health related risks associated with smoking. Further, by late 1990's, the suit against the tobacco companies yielded settlements which were covered on the news periodically. Regarding "due diligence" this District Court has held that:

> [d]ue diligence would have also led plaintiffs to learn of their potential causes of action against the defendants well before 2001. In the late 1990s several state governments and the Commonwealth of Puerto Rico filed a suit against the defendants claiming that they have conspired to mislead and deceive the public regarding the **addictive** nature of and the health-related risks associated with smoking. *See e.g. Rossello v. Brown & Williamson Tobacco Corp. et al,* Civil No. 97–1910 (June 17, 1997).(Emphasis in the original.)

*Estate of Castro Martinez,* 2004 WL 870677 at \*3. The Court cannot accept that if Plaintiffs were so concerned as to their "elder sister's" health condition during her life as a smoker and her attempts to quit smoking, that they were not aware of these settlements and the corresponding findings hence gaining the necessary knowledge or imputed knowledge of the "addiction" to nicotine. *Espada* 312 F.3d at 4. (Actual knowledge is not necessary "when by due diligences such knowledge would likely have been acquired"). Further, the "diligence required is that of a 'reasonable man' under like circumstances. If a Plaintiff's lack of knowledge is due to his own negligence or carelessness, the prescriptive period will commence at the date the alleged tort accrued". *Rosado Serrano v. E.I. Dupont de Nemours and Co., Inc.,* 797 F.Supp. 98, 102 (D.P.R.1992). In this sense Plaintiffs have failed to meet their pleading burden of proving their timeliness to file the suit and/or their "lack

of knowledge to toll the statute of limitations". *Id.*

Moreover, as District Judge Perez Gimenez stated in *Alicano Ayala:*

Third, determinations of due diligence and reasonable reliance can be made at the motion to dismiss stage. The due diligence requirement is an objective standard that has "buried within it a normative question of how much diligence *should* be expected of a reasonable lay person," *Villarini–Garcia v. Hospital Del Maestro,* 8 F.3d 81, 84 (1st Cir.1993). While it is often left for a jury to decide, *see id.* At 86, under certain circumstances this may not be question for the finder if fact, *Rodriguez–Suris v. Montesinos,* 123 F.3d 10, 17 (1st Cir.1997). Dismissal under Rule 12(b)(6) still would be appropriate if a plaintiffs' pleadings do not lend any support to a finding of due diligence ore reasonable reliance. (Emphasis in the original.)

*Alicano Ayala* 263 F.Supp.2d at 320. This Court therefore concludes that "lack of knowledge", "due diligence", "reasonable reliance" and "common knowledge" standards can be made at motion to dismiss stage. *Alicano Ayala,* 263 F.Supp.2d at 320.

Therefore, Plaintiffs' attempt to persuade the Court to accept that after the widely coverage of the tobacco industry settlements in the late 1990's, it was not until two years after Decedent died that they acquired knowledge that tobacco was "addictive" is rejected. This is precisely the type of "bald assertion" and "unsupportable conclusion" that the Court shall reject when determining whether or not to grant a motion to dismiss. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

Finally, in three (3) cases filed before this District Court involving similar issues, three (3) different courts rejected these arguments and granted defendants' dispositive motions based on statute of limitations grounds. (*See generally Estate of Castro Martinez v. Philip Morris, Inc., supra; Molina–Velez v. R.J.Reynolds Tobacco, supra; Alicano–Ayala v. Philip Morris, Inc., supra*). This Court adopts the well reasoned opinions of District Judges Laffitte, Garcia Gregory and Perez Gimenez.

Accordingly, for the reasons stated in this opinion, the Court **GRANTS** *Certain Defendants' Motion to Dismiss Plaintiffs' Complaint and Incorporated Memorandum of Law* (Docket No. 5); the *Defendant Liggett Group Inc.'s Motion to Dismiss Plaintiffs Complaint, Joining, Brief, Reply and Arguments of Certain Defendant' Motion to Dismiss Complaint and Incorporated Memorandum of Law* (Docket No. 13). Therefore, the Court hereby **DISMISSES** all claims against all Co-defendants **WITH PREJUDICE. This case is CLOSED for all statistical purposes. Judgment shall be entered accordingly.**

**IT IS SO ORDERED.**